UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZAHAIB ARSHAD,

Petitioner,

v.

KRISTI NOEM, *et al.*,

Respondents.

Case No. C26-726-RSM

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Zahaib Arshab's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the certified petition, the responsive briefing filed by the Government, Dkts. #4-7, a Reply, Dkt. #11, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer submitted by the Government. *See* Dkts. #1 and #5.

Petitioner, a thirty-five-year-old citizen of Pakistan, entered the United States on or about February 27, 2024, through New York City after inspection and admission on a B-1 non-immigrant visa. Petitioner's visa was valid until August 26, 2024. On October 3, 2024, Petitioner filed his asylum application, which remains pending. Petitioner has no criminal record.

On February 2, 2026, Petitioner was stopped in a vehicle by border patrol agents in Lynden, Washington. Determining that Petitioner had significantly overstayed his B-1 visa

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241- 1

without authorization, Petitioner was detained and transferred to Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC").

On February 10, 2026, the Department of Homeland Security ("DHS") issued a Notice to Appear, alleging Petitioner as removable under the Immigration and Nationality Act ("INA"), § 237(a)(1)(B).  A bond hearing was held on February 17, 2026, and the immigration judge denied bond, finding Petitioner to be a flight risk.  The form order provided indicates that the immigration judge checked "X" by "Flight risk" and "Failure to appear and address requirements provided."  Dkt. #6 at Ex. 5.  Petitioner had an immigration hearing on March 16, 2026, that was continued until April 2 for Petitioner to find legal representation.  See Dkts. #9 and #10.

At the February 17 bond hearing, DHS provided an evidence notice to the immigration judge, which only contained Petitioner's Form I-213.  See Dkt. #1 at Ex. 2.  The Form included the following account from the Border Patrol Agents ("BPA") who detained Petitioner on February 2:

> At approximately 3:13 am, Blaine Sector Dispatch advised that a vehicle was pulled over on Halverstick Road . . . . One subject was seen exiting the vehicle and running north toward the U.S. Canadian Border.

> A few minutes later, the same vehicle was observed heading west on Halverstick Road . . . [which] parallels the US/Canadian Border . . . . Dispatch advised that the subject on foot in Hammer Field continued running through farm fields until he crossed the border into Canada. . . .

> Dispatch informed Canadian Law Enforcement that the subject illegally entered Canada.  BPA T. Matthews informed Dispatch that he would be conducting a vehicle stop for immigration purposes. . . .

> Upon contacting the subjects in the vehicle, BPA T. Matthews immediately identified himself as a United States Border Patrol Agent . . . [and] began to question the subjects as why they were in the area.  Both subjects informed BPA T. Matthews that they were from Redmond, Washington and they just dropped off their friend who had a job working at a warehouse nearby.

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241- 2

BPA T. Matthews then conducted a customs and immigration interview with the 2 occupants of the vehicle. . . . Both subjects stated they were citizens of Pakistan and have asylum claims pending in the United States. . . . The driver did not have any identification in his possession but had photos of his social security card and a Washington State Driver's License.  These documents on his phone were not legible. . . .

[The] driver [was] ARSHAD, ZAHAIB . . . . Immigration checks revealed both subjects overstayed their I-94s.  Both subjects had pending asylum claims.  Neither subject was scheduled for an immigration hearing.  The subjects were not in possession of their U.S. immigration documents or their asylum paperwork.

No contraband was found to be inside the vehicle.

The subjects were placed under arrest at approximately 4:25 am.

*Id.* (cleaned up).

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  In this case, Petitioner contends that detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V.  The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*,

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241- 3

380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). The parties discuss how the application of the *Mathews* text applies here, and the Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with constitutional due process requirements. In so doing, the Court is mirroring the application of this test used by other judges in this District. *See, e.g., E.A. T.-B. v. Wamsley, et al.*, No. 25-1192-KKE, -- F. Supp. 3d --, 2025 WL 2402130 (W.D. Wash. Aug. 19, 2025). When bond hearings have already occurred, "the question before the Court is whether those reviews were sufficient to satisfy the due process requirements for prolonged, pre-removal order detention[.]" *Herrera v. Mayorkas*, Case No. C24-1933-JNW-MLP, 2025 WL 2382093, at *6 (W.D. Wash. May 19, 2025) (Report & Recommendation, *adopted* 2025 WL 2380669, at *1 (W.D. Wash. Aug. 15, 2025)).

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004). That Petitioner legally entered the United States, was living freely for nearly two years, was detained without prior notice, and remains in custody undoubtedly deprives him of an established interest in his

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241- 4

liberty.  However, Petitioner's detention has lasted for less than two months.  But the "court must also consider the process petitioner received during the time he was detained, [and] the further process available to him[.]"  *Herrera*, 2025 WL 238093 at *6 (citing to *Rodriguez Diaz*, 53 F.4th at 1208).  The Court finds that "[t]he private interest at stake weighs in Petitioner's favor, but in light of the process available to him during his confinement . . . this factor should not be accorded overwhelming weight."  *Id*.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest.  Petitioner argues that this factor weighs in his favor because his bond hearing was constitutionally defective due to (1) the burden of proving his flight risk being placed on him rather than the Government, (2) no factual findings or reasonings being made by the immigration judge, only a box checked by "flight risk," and (3) the Government's reliance on his proximity to the border at the time of his arrest and his visa overstay in justifying his detention.  *See* Dkt. #7 at 6.

While the Court may not review an immigration judge's discretionary decision on bond, "that discretionary judgment does not include constitutional claims or questions of law."  *Martinez v. Clark*, 124 F.4th 775, 782 (9th Cir. 2024).  However, "[t]he Ninth Circuit has upheld the constitutionality of procedures under § 1226(a) – which governed Petitioner's detention at the time – placing the burden on the non-citizen."  *Herrera*, 2025 WL 2382093 at *7 (citing to *Rodriguez Diaz*, 53 F.4th at 1212).  "[S]uch burden-shifting would [not] be constitutionally necessary in all, most, or many cases.  There is no reason to believe that, as a general proposition, the government will invariably have more evidence than the [non-citizen] on most issues bearing on alleged lack of future dangerousness or flight risk."  *Rodriguez Diaz* at *1212.

Here, Petitioner was represented by counsel at his bond hearing, and the immigration

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241- 5

judge considered Petitioner's Form I-213, which included the details of Petitioner's border activities the night he was detained. *See* Dkt. #5 at ¶ 8. It is not up to this Court to determine whether this evidence is good enough on a factual basis. *See Sales v. Johnson*, 323 F. Supp. 3d 1131, 1138-39 (N.D. Cal. 2017) ("To the extent that Petitioner asks the Court to second-guess the IJ's weighing of the evidence, that claim is directed solely to the IJ's discretion and is unreviewable."). The immigration judge need not discuss every piece of evidence, and the record contains no glaring red flags such as "misstating the record [or] failing to mention highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). Petitioner has other, proper outlets to challenge the immigration judge's decision, such as an appeal to the Board of Immigration Appeals, which the record indicates Petitioner has not done. While Petitioner disagrees with the outcome, the Court finds that he has not shown that his bond hearing was constitutionally defective. This second factor weighs in the Government's favor.

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing. The Government clearly has an interest in detaining removable non-citizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes. "Taking the third *Mathews* factor next, the government clearly has a strong interest in preventing [non-citizens] from remain[ing] in the United States in violation of our law. . . . This is especially true when it comes to determining whether removable [non-citizens] must be released on bond during the pendency of removal proceedings." *Rodriguez Diaz*, 53 F.4th at 1208 (internal quotations omitted). Given the immigration judge's flight risk determination and Petitioner's ability to appeal that decision, the Court finds that this factor weighs in the Government's favor.

In sum, the Court finds that the *Mathews* factors weigh in the Government's favor.

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241- 6

Accordingly, the Court will deny Petitioner's habeas petition, as well as deny his other requests for relief, including for a new bond hearing and an injunction against an ankle monitor, as moot

Having considered the instant petition, the relevant briefing, and the remainder of the record, the Court hereby find and ORDERS that Petitioner's habeas petition is DENIED.

DATED this 30<u>th</u> day of March, 2026.

Ricardo S. Martinez
United States District Judge

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241- 7